O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBERT WASHINGTON, | ) | CASE NO. CV 09-04556 VAP (RZ) |
| Petitioner, | ) | |
| vs. | ) | ORDER SUMMARILY DISMISSING ACTION WITHOUT PREJUDICE |
| TONY HEDGPETH, WARDEN, | ) | |
| Respondent. | ) | |

For the second time in two years, Petitioner has filed a successive habeas petition without the required authorization from the Ninth Circuit. As before, the Court lacks jurisdiction and must dismiss it.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

Section 2244 of Title 28, part of the Antiterrorism and Effective Death Penalty Act, requires that the district court dismiss most successive habeas corpus petitions:

(b) (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

    (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –

        (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

        (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

            (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

    (3) (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

. . .

In *Felker v. Turpin*, 518 U.S. 651, 656-57, 664, 116 S. Ct. 2333, 135 L. Ed. 2d 827 (1996), the Supreme Court noted that this statute transferred the screening or "gatekeeping" function for successive petitions from the district court to the court of appeals. This provision has been held to be jurisdictional; the district court cannot entertain a successive petition without prior approval from the Court of Appeals. *Cooper v. Calderon,* 274 F.3d 1270, 1273-74 (9th Cir. 2001). The district court therefore either must dismiss a successive petition for lack of jurisdiction or may transfer the action, in the interest of justice, to the court where the action properly could have been brought. 28 U.S.C. § 1631; *Pratt v. United States*, 129 F.3d 54, 57 (9th Cir. 1997).

In 2008, the Court summarily dismissed Petitioner's apparently identical petition as successive, explaining as follows:

> In the Petition before the Court, Petitioner Robert Washington seeks a writ of habeas corpus, challenging his conviction for murder, for which he was sentenced to life without parole, plus nine years.[1] Petitioner previously attacked the judgment under which he was convicted, in this Court, *Washington v. Marshall*, CV 98-9157-LGB (RZ). Ultimately, the Court entered Judgment denying that application with prejudice on October 17, 2002. Both this Court and the Court of Appeals denied a certificate of appealability. The Petition currently before the Court, file-stamped February 6, 2008, accordingly is a successive petition. Petitioner has submitted no authorization from the Court of Appeals for the filing of this successive petition; it is that Court, not this one, which Petitioner must convince. 28

---

[1] As in his 2008 petition, Petitioner falsely states in the current petition that the convictions being challenged occurred in 2007. They did not. As District Judge Lourdes Baird explained in dismissing the 1998 petition, Petitioner was sentenced to life imprisonment without parole, plus nine additional years, in the early 1990s after he pleaded *nolo contendere* to special-circumstance murder, burglary and personal use of a firearm. Petitioner challenges the same convictions now but has supplied a false date for them.

U.S.C. § 2244(b)(3). No factors appear which make it preferable to transfer this case to the Court of Appeals, rather than dismissing it.

The current petition is no different and must meet a similar fate: Petitioner lacks the required Court of Appeals authorization for such a successive petition. Absent such authorization, this Court lacks jurisdiction.

Accordingly, IT IS ORDERED that the Petition is dismissed.

DATED: June 30, 2009

_____
VIRGINIA A. PHILLIPS
UNITED STATES DISTRICT JUDGE

Presented By:

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE